# THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CR-17-146-R |
| | ) | CIV-21-933-R |
| TERRY DALE RAY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and his Brief in Support. (Doc. Nos. 91 and 92). [1] The Government filed its Response as ordered by the Court. (Doc. No. 95). Upon consideration of the parties' submissions, the Court finds as follows.[2]

On June 6, 2018, Defendant pled guilty pursuant to plea agreement to a single count as charged in a Superseding Information, alleging Defendant violated 18 U.S.C. § 922(g)(1) by being a felon in possession of a destructive device. The Court sentenced Defendant to a term of 108 months imprisonment. Petitioner contends in this motion that (1) he is being held illegally because he was not in possession of a firearm; (2) that he did not know he was in possession of a firearm; (3) that he did not know he had the relevant

---

[1] Mr. Ray subsequently filed a second Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c), which will be addressed following receipt of the Government's response thereto.

[2] Because Defendant is pro se, the Court liberally construes his pleadings but does not act as his advocate. *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("Finally, because Pinson appears pro se, we must construe his arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

status that barred him from possessing a firearm; and (4) the elements of the § 922(g)(1) offense were not presented to the Court at the time of his guilty plea. Defendant did not raise any of these issues on direct appeal; he argues this failure was because his counsel was constitutionally ineffective.

Section 2255 entitles a prisoner to relief "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). "Only if the violation constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure' can § 2255 provide relief." *United States v. Gordon*, 172 F.3d 753, 755 (10th Cir. 1999)(citing *United States v. Talk*, 158 F.3d 1064, 1069 (10th Cir. 1998)). Additionally, the Court presumes the proceedings that led to Defendant's conviction were correct. *See Parke v. Raley*, 506 U.S. 20, 29–30 (1992).

A movant is procedurally barred from raising issues in a § 2255 motion that were raised on direct appeal or, absent a showing of cause and prejudice, should have been raised on direct appeal. *See United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994). "A meritorious claim of ineffective assistance of counsel constitutes cause and prejudice for purposes of surmounting the procedural bar." *United States v. Harms*, 371 F.3d 1208, 1211 (10th Cir. 2004) (citation omitted). Accordingly, if Defendant can demonstrate that he received ineffective assistance of counsel, he will have established the necessary cause and

prejudice to overcome application of the procedural bar.[3] Ineffective assistance of counsel requires the movant to show: (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, Defendant must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. The Court assesses the reasonableness of counsel's performance in light of "the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690. The Court's review is "highly deferential" because "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 689-90. If Defendant establishes that counsel's performance was deficient, he must also establish prejudice, "meaning there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. Barrett*, 797 F.3d 1207, 1214 (10th Cir. 2015) (internal quotation marks omitted). The reasonable probability standard "requires a substantial, not just conceivable, likelihood of a different result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (internal quotation marks omitted).[4] The Court may address the prongs in either order; failure on either precludes relief for the movant. *Barrett*, 797 F.3d at 1214

---

[3] The government truncates the analysis by analyzing Defendant's claims as ineffective assistance of counsel claims. The Court construes the claims as raising substantive issues but relying on the alleged ineffective assistance of counsel as a basis for explaining why the issues were not raised on direct appeal.

[4] To prevail on an ineffective assistance of appellate counsel claim, defendant must show there is a reasonable probability that if counsel had made these arguments, he would have prevailed on appeal. *See Neill v. Gibson*, 278 F.3d 1044, 1057 (10th Cir. 2001).

3

The Court finds with regard to Defendant's first contention—that he did not possess a firearm—that he has failed to establish that counsel's performance was deficient. The applicable definition of "firearm" includes "(D) any destructive device." 18 U.S.C. § 921(a)(3).[5] "Destructive device" is broadly defined as

> (A) any explosive, incendiary, or poison gas— (i) bomb, (ii) grenade, (iii) rocket having a propellant charge of more than four ounces, (iv) missile having an explosive or incendiary charge of more than one-quarter ounce, (v) mine, or (vi) device similar to any of the devices described in the preceding clauses; (B) any type of weapon (other than a shotgun or a shotgun shell which the Attorney General finds is generally recognized as particularly suitable for sporting purposes) by whatever name known which will, or which may be readily converted to, expel a projectile by the action of an explosive or other propellant, and which has any barrel with a bore of more than one-half inch in diameter; and (C) any combination of parts either designed or intended for use in converting any device into any destructive device described in subparagraph (A) or (B) and from which a destructive device may be readily assembled.

18 U.S.C. § 921(a)(4). Defendant conceded during his Rule 11 colloquy with the Court that he was in possession of items that he came to understand were blasting caps.

> THE DEFENDANT: . . . I was - - I quit taking my medication and started doing dope all the time. And I was going out to old barns and getting copper wire and taking it and selling it. You know I came across them blasting caps. Well, they had wire on them and I thought well, that's copper wire, so I grabbed them, you know.
> 
> I didn't know what they was when I first got them. You know, I was real high. And then I got home and I looked at the box and it said blasting caps, and I was like, oh, no. so I just kept them and played with them really. You know, I didn't know - -

---

[5] The heading of Count 1 of the Superseding Information indicated that Defendant was charged with being a "Felon in Possession of a Destructive Device" and the body of Count 1 charged Mr. Ray with "knowingly and unlawfully" possessing a "firearm, to wit, a destructive device. . . ." Thereafter the Superseding Indictment recites portions of the statutory definition of "destructive device." Doc. No. 63.

4

Change of Plea Transcript, Doc. No. 94, pp. 12-13.[6] Defendant subsequently agreed with the United States' representation to the Court that a blasting cap met the definition of a destructive device, the Assistant United States Attorney explaining, that a blasting cap "is an explosive device that is used to set off a larger explosive but itself is an explosive." *Id.* at p. 14.

> "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 52 L.Ed.2d 136 (1977). Accordingly, the "truth and accuracy" of a defendant's statements during the Rule 11 proceeding "should be regarded as conclusive in the absence of a believable, valid reason justifying a departure from the apparent truth of his Rule 11 statements." *Hedman*, 527 F.2d at 22.

*United States v. Weeks*, 653 F.3d 1188, 1205 (10th Cir. 2011). Under oath Defendant stated that he had discussed the charges with counsel, that he desired to plead guilty, and he admitted the factual basis for the plea, including that he possessed a destructive device, and that he was aware the items he had found were blasting caps. Accordingly, counsel was not constitutionally ineffective in failing to raise the non-meritorious issue set forth in Ground One on direct appeal and Defendant is not entitled to § 2255 relief.

Ground Two is subject to the same outcome. Defendant states he did not know he was in possession of a firearm; however, he admitted he was in possession of items that qualified as destructive devices as set forth above. Accordingly, counsel did not provide

---

[6] Defendant made similar representations in his written Petition to Enter a Plea of Guilty, Doc. No. 65, which states, "On April 1, 2017 I possessed an aluminum electric blasting cap. I had previously been convicted of a felony." Defendant signed the document under penalty of perjury.

deficient performance in failing to raise this issue on direct appeal either. Defendant is not entitled to § 2255 relief on Ground Two.

In Ground Three Defendant argues that he was unaware of his relevant status that prohibited him from possession of a weapon. Defendant relies in part on *Rehaif v. United States*, --- U.S. ---, 139 S. Ct. 2191 (2019). Defendant asserts that counsel was constitutionally ineffective in failing to raise this issue on direct appeal.

In *Rehaif*, decided after Defendant's conviction, the Supreme Court concluded that, for prosecutions under 18 U.S.C. § 922(g), the Government must prove "that [Defendant] knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2194-2200. The Government was required to prove that Defendant knew he had a felony conviction, as set forth above. Furthermore, even if the evidence was to the contrary, Defendant's appeal was initiated before the decision in *Rehaif*.

First, the Court finds that it is not plausible that Mr. Ray was unaware he was a felon. According to the Final Presentence Investigation Report and the Oklahoma Department of Corrections' OK Offender Lookup, Mr. Ray served terms in excess of one year on at least two occasions. *See United States v. Goings*, 857 F. App'x 986, 988 (10th Cir. July 21, 2021)(denying Certificate of Appealability in part because defendant could not plausibly claim he was unaware of his prior felony conviction after serving two terms of imprisonment, each exceeding one year). Second, both at the time of Defendant's plea and his sentencing, the Tenth Circuit only required proof that the defendant knowingly possessed a firearm, to include a destructive device, not that he knew that he had a relevant status under § 922(g). *See, e.g., United States v. Games-Perez*, 667 F.3d 1136, 1140–42

6

(10th Cir. 2012). Appellate counsel's failure to know of or anticipate *Rehaif*'s holding does not support an ineffective assistance of counsel claim. "A failure 'to predict future law' is not ineffective assistance of counsel." *United States v. Douglas*, 825 F. App'x 600, 602 (10th Cir. 2020) (quoting *Bullock v. Carver*, 297 F.3d 1036, 1052 (10th Cir. 2002)). Accordingly, Defendant is not entitled to relief on Ground Three of his § 2255 motion.

In Ground Four of the Motion, Doc. No. 91, Defendant simply states "these elements of the offense were never met or presented to the court to meet and satisfy my substantial constitutional protections and the protections of Due Process of the law." In the accompanying brief Defendant expands on his argument, asserting that the statute at issue, 922(g)(1), did not require that his possession of the gun was an economic activity, and that the Commerce Clause requires such. "The statute at issue here convicted the defendant without evidence that he was 'currently engaged' in the gun market at the time of his arrest, and without evidence showing how recently Petitioner came to possession the gun. So 18 U.S.C. § 922(g)(1) fails to survive NFIB's Commerce Clause analysis." Doc. No. 92, p. 8. In support of his argument Defendant cites to *United States v. Lopez*, 514 U.S. 549 (1995) and *United States v. Morrison*, 529 U.S. 598 (2000). He acknowledges that his argument was rejected by the United States Court of Appeals for the Fifth Circuit in *United States v. Alcantar*, 733 F.3d 143 (5th Cir. 2013), but he is raising the issue to preserve it for review. *Id.* p. 9.

The Court is not bound by *United States v. Alcantar*, 733 F.3d 143 (5th Cir. 2013). However, the Tenth Circuit recently addressed a similar argument in *United States v. Goines*, No. 20-3183, 2021 WL 4544098 (10th Cir. Oct. 5, 2021). Specifically, Mr. Goines

7

queried whether § 922(g) as applied to felons is unconstitutional and whether "prosecution under § 18 U.S.C. § 922(g)(1) requires the government to prove that the accused's possession of the firearm contemporaneously affected commerce?" *Id.* The court, citing *Scarborough v. United States*, 431 U.S. 563 (1977) and various cases from this circuit, concluded that the answer to both questions was negative, that *Lopez* and *Morrison*, cited by Defendant herein, had not overruled *Scarborough*. Accordingly, appellate counsel was not constitutionally ineffective in failing to raise the issue. A claim of ineffective assistance of counsel cannot be predicated on the failure to pursue a meritless claim. *See Hawkins v. Hannigan*, 185 F.3d 1146, 1152 (10th Cir. 1999).

To the extent Defendant's Ground Four can be construed as asserting that the Court lacked a factual basis for accepting his plea, his claim lacks merit as well. The only element not addressed above is the requirement that the firearm, or in this case the destructive device, must have crossed state lines. In the Affidavit in Support of An Application for a Search Warrant, Doc. No. 29-2, which was provided to the Court in conjunction with Defendant's Motion to Suppress, Special Agent Brenden Taylor of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") stated, "[b]lasting caps are not manufactured in the state of Oklahoma, and therefore, possession of them within Oklahoma is in and affecting commerce."

> The factual basis for the plea need not come solely from the defendant's statements at the plea hearing. *See Howard v. United States*, 135 F.3d 506, 509 (7th Cir.1998) (stating that "any finding of an adequate factual basis at the initial plea hearing is necessarily preliminary"). Rather, the district court "may look to answers provided by counsel for the defense and government, the presentence report, 'or ... whatever means is appropriate in a specific case'-so long as the factual basis is put on the record." *United States v. Smith*,

  160 F.3d 117, 121 (2d. Cir.1998) (quoting *United States v. Maher*, 108 F.3d
  1513, 1524-25 (2d Cir.1997)).

*United States v. Moran*, 452 F.3d 1167, 1171 (10th Cir. 2006); *see also United States v. Keiswetter*, 860 F.2d 992, 996 (10th Cir.1988)("Rule 11(f) permits the trial judge to find the factual basis for the plea in anything that appears in the record."). Accordingly, all elements of the § 922(g)(1) offense were established as required by Federal Rule of Civil Procedure 11(f), and Defendant, to the extent his argument can be construed in this manner, would not be entitled to relief because counsel would not have been ineffective in failing to raise the issue on direct appeal.

  Finally, Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to grant or deny a certificate of appealability when making a ruling adverse to the petitioner. A court may grant a certificate of appealability only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this burden if "'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Saiz v Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v Dretke*, 524 U.S. 274, 282 (2004)). For the reasons explained above, Petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, the Court denies a certificate of appealability.

  For the reasons set forth herein, Defendant's Motion to Vacate (Doc. No. 91) is DENIED. Judgment shall be entered accordingly.

**IT IS SO ORDERED** this 6th day of December 2021.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE